THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| KELLY TE'O, as the Personal Representative of the Estate of Marvin Anderson,      ) ) ) | Case No.  2:07CV00184DS |
| Plaintiff,      ) | |
| vs.                                ) | MEMORANDUM DECISION AND ORDER |
| MORGAN STANLEY& Co., Inc., ET AL.,                           ) ) | |
| Defendants.     ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**I.   INTRODUCTION**

Pending before the Court are cross-motions for judgment on the administrative record.[1]  Plaintiff claims that the denial by Defendants  of disability benefits to Marvin Anderson violates § 502 (a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  Defendants contend that the denial was appropriate under the reasonable terms of its disability plan.

---

[1] It is undisputed by the parties that rather than examining the motions under the traditional summary judgment standard, "the court acts as an appellate court and evaluates the reasonableness of a plan administrator or fiduciary's decision based on the evidence contained in the administrative record."  *Panther v. Synthes* (USA), 380 F. Supp. 2d 1198, 1207 n.9 (D. Kan. 2005)(citing *Olenhouse v. Commodity Credit Corp*. 42 F.3d 1560, 1579 & n. 31 (10th Cir. 1994)

The relevant facts are essentially undisputed and will not be repeated in full here.  Briefly stated, Mr. Anderson was an employee of Discover Financial Services, which provided its employees with disability benefits under The Morgan Stanley Group Benefit Plan (the "Plan").[2]  Mr. Anderson applied for disability benefits effective as of May 31, 2006, based on congestive heart failure and associated illnesses, and was denied for his failure to comply with the terms of the Plan.  Mr. Anderson's appeals were also denied.

The Plan provides that to be eligible for disability benefits, the claimant must meet the definition of disabled[3] and be under the

---

[2] During the time relevant in this matter, Discover Financial Services was a subsidiary of Morgan Stanley.  Morgan Stanley spun-off Discovery Financial Services on July 2, 2007, and Discover Financial Services is now an independent company.

[3] Disability is defined as follows:

> You are considered disabled if, based on medical information provided by your physician, the claims administrator determines that as a result of illness, injury or pregnancy you are not working in any occupation and you are:
>     Unable to perform the essential functions of your regularly scheduled occupation, or
>     Unable to perform any other job Morgan Stanley offers you for which you are qualified.

R. 103, 1.

regular care of a physician qualified to treat the disability.[4] It is undisputed that Mr. Anderson was not under the care of a cardiologist.

Defendants' retained reviewing cardiologist, Dr. David Richardson, stated in a November 10, 2006 review document that Mr Anderson "was totally disabled and unable to work" and "is unlikely to improve with any treatment short of a mechanical ventricular assist device or cardiac transplantation" and that he "agree[d] with Mr. Anderson's reluctance to undertake such treatment and believes that Mr. Anderson should not work." R. 10.

Dr. Richardson was not Mr. Anderson's treating or examining cardiologist, major surgery was not a Plan requirement, and Dr. Richardson also stated that there was no medical reason why Mr. Anderson would be precluded from seeking appropriate care and treatment. Id.

---

[4] The Plan also provides that a claimant must be "under the regular care of a physician who provides medical information to support the determination that you are Disabled and who is qualified to treat the type of injury or illness for which your claim is made." R. 96, 1.

Plaintiff's position is that because Mr. Anderson's heart condition was untreatable, he did not need to submit himself to the regular care of a cardiologist.

## II.   STANDARD OF REVIEW

It is undisputed by the parties that because the administrator had discretion to make claim determinations, the Court applies an arbitrary and capricious standard of review. *Firestone Tire & Rubber Co. V. Bruch*, 489 U.S. 101, 115 (1998); *Fought v. UNUM Life Ins. Co. Of America*, 379 F.3d 997, 1002-03 (10th Cir. 2004), *cert. denied*, 544 U.S. 1026 (2005).  In this regard, the Court is instructed as follows:

> In determining whether [the administrator's] decision is arbitrary and capricious, we consider only the arguments and evidence before the administrator at the time it made that decision and decide: (1) whether substantial evidence supported [the administrator's] decision; (2) whether [the administrator] based its decision on a mistake of law; and (3) whether [the administrator] conducted its review in bad faith or under a conflict of interest.  The Administrator's decision need not be the only logical one nor even the best one.  It need only be sufficiently supported by facts within his knowledge to counter a claim that it was arbitrary or capricious.  The decision will be upheld unless it is not grounded on any reasonable basis.

*Finley v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 379 F.3d 1168, 1176 (10th Cir. 2004) (internal quotation marks & citations omitted ).

**III.   DISCUSSION**

The parties do not contest that Mr Anderson was suffering from congestive heart failure and that he failed, and or refused, to place himself under the care of a cardiologist or similar specialist.  The record likewise reflects and supports Defendants' assessment that Mr. Anderson's request for disability was denied because he failed to submit documentation as required by the Plan that he was under the regular care of a physician who is qualified to treat the type of injury or illness for which the claim is made and who provides medical information to support that the claimant is disabled.  R. 96, 1,3,5,& 12.

Plaintiff concedes that such a plan requirement is reasonable and enforceable if the claimant can be treated and ultimately return to work.  However, relying on the statement of Defendants' reviewing cardiologist Dr. Richardson, Plaintiff urges that it is unfair to apply the requirement to Mr. Anderson because there was little or no likelihood of restoring his ability to be employed.

Based on the record and under the applicable standard of review the Court cannot conclude that the Plan administrator's denial of benefits was arbitrary and capricious.  To qualify as disabled, the Plan requires that a claimant be under the regular care of a physician qualified to treat the illness or injury.  Mr.

Anderson applied for disability benefits based on congestive heart failure.  R. 135.  There is no evidence in the administrative record that Mr. Anderson was under the regular care of a cardiologist.

Plaintiff does not challenge the physician care language of the Plan, but urges only that it was unreasonable not to excuse or exempt Mr. Anderson from compliance for futility of treatment. Record evidence, however, reflects that medical personnel who examined/treated Mr. Anderson noted that he should pursue further treatment.  On May 7, 2006, Dr. Celeste Raffin, a St. Mark's Hospital emergency room physician, noted "I feel very strongly he needs to come into the hospital and get studied, and most likely have a cath done.  The patient however is adamantly against this. ... I argued with him for at least 20 minutes...."  R. 69.  Mr. Anderson's primary care physician, Dr. Coy, noted in a July 7, 2006 statement that Mr. Anderson was not to work until cleared by cardiology. R.89.  In a July 19, 2006 letter, Dr. Cory stated that Mr. Anderson had not seen a cardiologist since 2002, and that the physician had "attempted to coordinate/facilitate cardiology follow up." R. 91.  Additionally, on September 13, 2006, cardiologist Dr. Sheldon Litwin cosigned an echocardiographic exam report regarding Mr. Anderson which summarized that Mr. Anderson may be a surgical candidate "if clinically appropriate", R. 94, thus suggesting that

6

further analysis and treatment may be necessary and desirable to determine treatment options. Because Mr. Anderson failed to seek the care of a cardiologist, the benefit to him, if any, of that care is unknown.

Although the Court takes into account the statements of Dr. Richardson, considering the record in its entirety the Court concludes that those statements fall short of establishing that the denial of benefits was arbitrary and capricious. Made during the appeals process, Dr. Richardson's assessment, that Mr. Anderson "was totally disabled" and was "unlikely to improve with any treatment short of a mechanical ventricular assist device or cardiac transplantation", R. 10, is that of a non-treating and non-examining physician derived entirely from a review of medical information provided by Mr. Anderson. Moreover, Dr. Richardson's agreement "with Mr. Anderson's reluctance to undertake such treatment", *id.*, is misplaced because such surgery is not a Plan requirement. Although Dr. Richardson noted that Mr. Anderson "being of sound mind, may refuse any recommended care and treatment", he also acknowledged that there was no medical reason which precluded him from seeking appropriate care and treatment. *Id*.

In sum, the Court concludes that the decision to deny Mr. Anderson disability benefits for his failure to be under the care

of a physician qualified to treat his illness is supported by substantial evidence and was not arbitrary or capricious.

Even if futility of treatment were sufficient to exempt Mr. Anderson from the Plan requirement that he be under the care of a qualified physician, the Court cannot conclude from the record evidence that Defendants were arbitrary and capricious in refusing to accept that Mr. Anderson's condition was untreatable.

### IV.  CONCLUSION

For the reasons stated, Plaintiff's Motion for Judgment on the Administrative Record is DENIED and Defendants' Motion for Judgment on the Administrative Record is GRANTED.

IT IS SO ORDERED.

DATED this 29th day of November, 2007.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT